# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| AROMA360 LLC and<br>HOTEL COLLECTION LLC<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SCENTIMENT, LLC<br><br>　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>: Civil Action No.: 1:24-cv-25031<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs AROMA360 LLC ("**Aroma360 LLC**") and Hotel Collection LLC ("**Hotel Collection, LLC**") (collectively "**Aroma360**" or "**Plaintiffs**") for its Complaint against Defendant Scentiment, LLC ("**Scentiment**" or "**Defendant**"), by and through counsel, Polsinelli PC, alleges as follows:

## Nature of the Action

1.　　In this action, Plaintiffs seek injunctive and monetary relief for trademark infringement and unfair competition in violation of the Federal Trademark Act, 15 U.S.C. § 1051 *et seq*., unfair competition under the Florida Deceptive and Unfair Trade Practices Act ("**FDUPTA**") § 501.201, *et seq.*, and unfair competition under the common law of the state of Florida.

## The Parties

2.　　Aroma360 LLC is a Florida limited liability company with a principal place of business at 2058 NW Miami Court, Miami, Florida 33127.

3.      Hotel Collection LLC is a Florida limited liability company with a principal place of business at 38 NW 24th St., Miami, Florida 33127.  Aroma360 LLC is the managing member of Hotel Collection LLC.

4.      Scentiment is a Delaware limited liability company, registered to do business in Florida, with a place of business at 2129 NW 86th Ave, Miami, Florida 33122 and a principal place of business at 7901 4th St. N, Suite 300, St. Petersburg, Florida 33702.

## Jurisdiction and Venue

5.      This action arises under § 1114(1) and 1125(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq*., FDUTPA § 501.201, *et seq.*, and the common law of the state of Florida.

6.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1367.

7.      This Court has personal jurisdiction over Scentiment because Scentiment is registered to do business, conducts business and resides in the state of Florida.

8.      Venue is proper within this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Sentiment resides in this district, may be found in this district, and/or a substantial part of the events giving rise to the claims in this action occurred within this district.

## Background

9.      Plaintiffs are in the business of scents. The principals of Aroma360 have been highly successful in opening and operating a lucrative scented oils and diffuser business based in Miami-Dade County, Florida.

10.     Since in or around 2015, Aroma360 LLC has used the highly distinctive "Aroma360" mark in connection with selling scent-related products, including electronic diffusers,

100601597.1

reed diffusers, room sprays, fragrance oils, and candles on its website at www.Aroma360.com ("**the Aroma360 domain**"), including for example, the following:



11. Since in or around 2019, Aroma360 LLC has used the highly distinctive "Aroma360" mark in connection with selling scent-related products, including electronic diffusers, reed diffusers, room sprays, fragrance oils, and candles at retail locations in Florida and elsewhere, including for example, the following:

3

100601597.1



12. Aroma360 LLC is the owner and holder of U.S. Trademark Registration No. 7,266,181, for the mark "AROMA360" ("**the '181 Registration**"). A true and correct copy of the Certificate of Registration for this mark is attached as hereto as Exhibit "A." This mark is valid and subsisting.

13. The common law rights and the federal registration rights of Aroma360 LLC in the AROMA360 mark are collectively referred to as the "**AROMA360 Mark**."

14. Beginning in or around 2015, Aroma360 LLC grouped products together on the Aroma360 domain, including grouping of hotel-inspired scents under the distinctive "HOTEL COLLECTION" mark.

15. At the time, the products grouped under the distinctive HOTEL COLLECTION mark also included a logo form with a separate letter H (referred to as "**the H HOTEL COLLECTION logo**"), including the logo below:

4



16. In early 2018, Aroma360 LLC began selling candles bearing the H HOTEL COLLECTION logo. Shortly thereafter, Aroma360 LLC began selling electronic diffusers, reed diffusers, room sprays, and fragrance oils under the H HOTEL COLLECTION logo.

17. In April of 2020, Aroma360 LLC acquired the www.hotelcollection.com domain ("**the Hotel Collection domain**") and soon thereafter, Aroma360 LLC began to sell products at the Hotel Collection domain under the HOTEL COLLECTION mark and the H HOTEL COLLECTION logo.

18. In October of 2020, Aroma360 LLC formed Hotel Collection LLC under the laws of the state of Florida and became the managing member of Hotel Collection LLC.

19. In July of 2023, Plaintiffs began to sell products, including candles, electronic diffusers, reed diffusers, room sprays, and fragrance oils, bearing the distinctive HOTEL COLLECTION logo (referred to as "**the HOTEL COLLECTION logo**"):



including, for example, the following:

100601597.1

 

20. The common law rights of Plaintiffs in the HOTEL COLLECTION mark, the H HOTEL COLLECTION logo, and the HOTEL COLLECTION logo as described above are collectively referred to as the "**HOTEL COLLECTION Mark**."

21. Aroma360 LLC has been continuously using the AROMA360 Mark throughout the United States, including in Florida, in connection and in association with candles, electronic diffusers, reed diffusers, room sprays, and fragrance oils, since at least 2015, and has extensively sold, advertised and promoted these goods using the AROMA360 Mark since that time. As a result, in addition to the rights conferred by the '181 Registration, Aroma360 LLC has acquired substantial common law and other legal rights in and to the AROMA360 Mark throughout the United States, including Florida, by virtue of that continuous and ongoing usage.

22. Plaintiffs have been continuously using the HOTEL COLLECTION Mark throughout the United States, including in Florida, in connection and in association with candles, electronic diffusers, reed diffusers, room sprays, and fragrance oils, since at least 2015, and has extensively sold, advertised and promoted these goods using the HOTEL COLLECTION Mark

6

since that time. As a result, Plaintiffs have acquired substantial common law and other legal rights in and to the HOTEL COLLECTION Mark throughout the United States, including Florida, by virtue of that continuous and ongoing usage.

23. The public has come to associate the well-known and distinctive AROMA360 and HOTEL COLLECTION Marks with Plaintiffs as a source of high-quality scent related products, including candles, electronic diffusers, reed diffusers, room sprays, and fragrance oils.

**Scentiment's Trademark Infringement and Unfair Competition**

24. Beginning in December 2022 to present time, Scentiment has engaged in a concerted effort to mimic and copy Plaintiffs' marks, packaging, and websites to intentionally trade off the substantial goodwill associated with the AROMA360 and HOTEL COLLECTION Marks and cause consumer confusion in the marketplace.

25. First, Scentiment is infringing the AROMA360 Mark and the HOTEL COLLECTION Mark by including these marks as part of the header of Scentiment's advertisement on Google and through Google Adwords. The following are exemplary infringing uses of the AROMA360 Mark and the HOTEL COLLECTION Mark:



26. Scentiment is using the AROMA360 Mark on Scentiment's Google Adwords to direct Aroma360 customers from the Aroma360 domain and the Hotel Collection domain to Scentiment's website, located at www.scentiment.com ("**the Scentiment domain**"), in connection with selling identical goods, including electronic diffusers, reed diffusers, room sprays, fragrance oils and other similar goods.

7

27.     As shown below, Scentiment's use of the Aroma360 Mark as a Google Adword places the Scentiment domain as a Google sponsored website directly underneath the Aroma360 domain and further includes the header "360° of Aroma Scent Diffuser":



28.     Scentiment's use of the AROMA360 Mark in this manner appears to be made with the intent to trade on the goodwill associated with the AROMA360 Mark. Scentiment's use creates the false impression that its goods originate from Aroma360 LLC, or that Aroma360 LLC is somehow connected or associated with such goods, so as to deceive customers or to cause confusion or mistake as to the origin or affiliation of Scentiment's and Aroma360 LLC's goods.

100601597.1

29. Second, Scentiment is infringing the HOTEL COLLECTION Mark by including this Mark as part of the header of Scentiment's advertisement on Google and through Google Adwords:



30. Scentiment is using the HOTEL COLLECTION Mark on Scentiment's Google Adwords to direct Plaintiff's customers from the Aroma360 domain and Hotel Collection domain to the Scentiment domain, in connection with selling of diffusers, fragrance oils and other similar goods.

31. As shown below, Scentiment's use of the HOTEL COLLECTION Mark as a Google Adword places the Scentiment domain as a Google sponsored website directly underneath the Hotel Collection domain and further includes the header "Hotel Collection Diffuser":

9



32.     Scentiment's use of the HOTEL COLLECTION Mark in this manner appears to be made with the intent to trade on the goodwill associated with the HOTEL COLLECTION Mark. Scentiment's use creates the false impression that its goods originate from Plaintiffs, or that Plaintiffs are somehow connected or associated with such goods, so as to deceive customers or to cause confusion or mistake as to the origin or affiliation of Scentiment's and Plaintiff's goods.

33.     Third, Scentiment is infringing the HOTEL COLLECTION Mark by using this Mark at the Scentiment domain which they use to sell and distribute scented oils and diffusers. The following screenshots are representative of content on the Scentiment domain:

10



11

100601597.1

34. Additionally, Scentiment is infringing the HOTEL COLLECTION Mark by using this Mark on packaging for scented oils including:



35. Scentiment's use of the HOTEL COLLECTION Mark in these manners appear to be made with the intent to trade on the goodwill associated with the HOTEL COLLECTION Mark. Scentiment's use creates the false impression that its goods originate from Plaintiffs, or that Plaintiffs are somehow connected or associated with such goods, so as to deceive customers or to cause confusion or mistake as to the origin or affiliation of Scentiment's and Plaintiffs' goods.

36. Aroma360 LLC has provided to Scentiment several written demands, beginning in early 2023 (just after the launch of the Scentiment domain) and continuing through the present, but Scentiment has refused to cease its infringing conduct.

37. Aroma360 LLC sent a demand letter to Scentiment on August 28, 2023 (attached as Exhibit B) and followed up on October 6, 2023 when it did not receive a response. Scentiment's counsel subsequently responded on October 31, 2023 (attached as Exhibit C) refusing to cease its infringing conduct.

38. Aroma360 LLC again sent a demand letter to Scentiment on January 4, 2024 (attached as Exhibit D) when Aroma360 LLC learned that Scentiment was inappropriately using the AROMA360 and HOTEL COLLECTION Marks as Google Adwords. Scentiment never responded to the January 4, 2024 letter.

39. On November 1, 2024, Hotel Collection LLC filed a complaint with Amazon regarding Scentiment's infringing use of the HOTEL COLLECTION Mark on the Amazon website. Scentiment responded to Hotel Collection LLC's Amazon complaint on November 8, 2024, refusing to acknowledge its infringing conduct and instead, among other meritless arguments, took the legally unsupportable position that Hotel Collection LLC could not have common law rights in the HOTEL COLLECTION Mark because Hotel Collection LLC had not yet obtained a federal registration and that the USPTO had required a disclaimer.

40. Plaintiffs' use of the AROMA360 and HOTEL COLLECTION Marks undisputedly predates Defendants' use of the AROMA360 and the HOTEL COLLECTION Marks in Florida and in all geographical areas of the United States.

41. Scentiment is competing with Plaintiffs by marketing, selling, and providing identical goods (*e.g.*, scented oils and diffusers) and are targeting substantially identical consumers.

42. Scentiment was at all material times aware of Plaintiffs and the AROMA360 and HOTEL COLLECTION Marks.

43. Scentiment's unauthorized use of the AROMA360 and the HOTEL COLLECTION Marks is willful and intentional and intended as an effort to trade off Plaintiffs' goodwill and reputation.

44. Upon information and belief, Scentiment's acts were knowingly, deliberately, and intentionally carried out in bad faith, or with a reckless disregard for, or with willful blindness to, Plaintiffs' rights, for the purpose of causing confusion and/or trading on Plaintiffs' reputation, thereby rendering this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

45. Upon information and belief, Scentiment has profited and continues to profit from its unlawful acts.

46. Scentiment's infringement and unfair competition has caused and will continue to cause damages to Plaintiffs, including monetary damages and injury to Plaintiffs' hard-earned goodwill and reputation, as well as diminished control over the use of the AROMA360 and HOTEL COLLECTION Marks or the quality of the goods offered under the AROMA360 and HOTEL COLLECTION Marks.

**COUNT I**
**Trademark Infringement under 15 U.S.C. § 1114**

47. Aroma360 LLC realleges the allegations contained in each of the paragraphs above.

48. This is a claim for infringement of Aroma360 LLC's federally registered AROMA360 Mark, as depicted in Exhibit A.

49. Scentiment's conduct is likely to cause confusion, mistake, or deception as to the source or origin of their real estate services, or the affiliation, sponsorship, or other relationship between the parties in violation of 15 U.S.C. § 1114(1).

50. Scentiment's conduct also constitutes an attempt to trade on the goodwill that Aroma360 LLC has developed in the AROMA360 Marks, all to the damage of Aroma360 LLC.

51. By its conduct, Scentiment has caused Aroma360 LLC irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further infringing the AROMA360 Mark.

52. Aroma360 LLC has no adequate remedy at law.

## COUNT II
## Unfair Competition in Violation of Federal Statute (15 U.S.C. § 1125(a))

53. Plaintiffs reallege the allegations contained in paragraphs 1 through 46 above.

54. This is a claim for unfair competition, arising from Scentiment's unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. Scentiment's conduct constitutes an attempt to trade on the goodwill that Plaintiffs have developed in the AROMA360 and HOTEL COLLECTION Marks, all to the damage of Plaintiffs.

56. By its conduct, Scentiment has caused Plaintiffs irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further unfairly competing with Plaintiffs by infringing the AROMA360 and HOTEL COLLECTION Marks.

57. Plaintiffs have no adequate remedy at law.

## COUNT III
## Unfair Competition under Florida Statute, FDUTPA, § 501.201, *et seq.*

58. Plaintiffs reallege the allegations contained in paragraphs 1 through 46 above.

59. This is a claim for unfair competition, arising from Scentiment's unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of FDUTPA, § 501.201, *et seq.*

60. Scentiment's conduct constitutes an attempt to trade off of the goodwill that Plaintiffs developed in the AROMA360 and HOTEL COLLECTION Marks, all to the damage of Plaintiffs.

61. Scentiment's unlawful acts and conduct, including, without limitation, its use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, has caused Plaintiffs to lose business and customers, as well as lost profits, lost revenue and reputational harm.

62. Scentiment's unlawful acts and conduct, including, without limitation, its use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, has caused actual harm to consumers, namely that consumers have lost the ability to make informed decisions about the products they are purchasing and that consumers purchased products they did not intend to buy.

63. By its conduct, Scentiment has caused Plaintiffs irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court.

64. Plaintiffs have no adequate remedy at law.

**COUNT IV**
**Unfair Competition under Florida Common Law**

65. Plaintiffs reallege the allegations contained in paragraphs 1 through 46 above.

66. This is a claim for unfair competition under Florida common law.

67. Plaintiffs first adopted and used the AROMA360 and HOTEL COLLECTION Marks throughout Florida in marketing, advertising, and sales to identify Plaintiffs as the source of its high-quality scented products. Consumers associate the origin of the goods under its AROMA360 and HOTEL COLLECTION Marks, as being provided and sold by Plaintiffs.

68. Scentiment's unauthorized use of the AROMA360 and HOTEL COLLECTION Marks is causing or is likely to cause customer confusion as to the source or the origin of Scentiment's goods. Moreover, Scentiment's unauthorized use of the AROMA360 and HOTEL COLLECTION Marks, has allowed Scentiment to use, trade off of, and benefit from the valuable goodwill associated with the AROMA360 and HOTEL COLLECTION Marks.

69. Scentiment's engaging in unfair acts of competition in violation of Florida law and have infringed and continue to infringe Plaintiffs' rights in the AROMA360 and HOTEL COLLECTION Marks.

70. Scentiment's use of the AROMA360 and HOTEL COLLECTION Marks, as well as use of the goodwill associated with the AROMA360 and HOTEL COLLECTION Marks, is causing and will continue to cause damage to Plaintiffs including, but not limited to, irreparable harm.

71. Scentiment's unlawful conduct has caused and, unless restrained, will continue to cause damages and irreparable harm to Plaintiffs.

72. Plaintiffs have no adequate remedy at law.

**Relief Sought**

WHEREFORE, Plaintiffs request that this Court:

    A.    Grant preliminary and permanent injunctive relief enjoining Defendant and its related entities, agents, servants, employees, successors, and assigns and all those in privity, acting in concert, or in participation with them from:

        i.    imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of the AROMA360 Mark and the HOTEL COLLECTION Mark or any mark confusingly similar to the AROMA360 Mark and the HOTEL COLLECTION Mark;

        ii.    using any unauthorized copy or colorable imitation of the AROMA360 Mark and the HOTEL COLLECTION Mark, or false designation of origin or description, in such fashion as is likely to relate or connect Defendant with Plaintiffs or cause confusion;

        iii.    using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any goods advertised, promoted, offered, or sold by Defendant are sponsored, endorsed, connected with, approved, or authorized by Plaintiffs;

        iv.    causing likelihood of confusion or injury to Plaintiffs' business reputation and to the distinctiveness of the AROMA360 Mark and the HOTEL COLLECTION Mark by unauthorized use of identical or confusingly similar marks;

      v.    engaging in any other activity constituting unfair competition or infringement of the AROMA360 Mark and the HOTEL COLLECTION Mark or Plaintiffs' rights in, or to use, or to exploit the same; and

      vi.    assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (i) – (v) above.

B. Find Defendant liable for the causes of action alleged against them in this Complaint.

C. Order Defendant and its principals, agents, servants, employees, successors, and assigns of and all those in privity, acting in concert, or in participation with Defendant who receive actual notice of said order to deliver up, or at Plaintiffs' election certify the destruction of, all signs, articles, promotional, advertising, and any other printed materials of any kind bearing one or more of the AROMA360 Mark and the HOTEL COLLECTION Mark, or any mark confusingly similar to the AROMA360 Mark and the HOTEL COLLECTION Mark.

D. Find Defendant liable, and award to Plaintiffs monetary damages in an amount to be fixed by the Court in its discretion as just, including, but not limited to, all of Defendant's profits or gains of any kind resulting from Defendant's willful infringement and/or acts of unfair competition, and any damages Plaintiffs suffered as a result of Defendant's actions pursuant to 15 U.S.C. § 1117(a), said damages to be trebled pursuant to 15 U.S.C. § 1117(b), and Plaintiffs' reasonable attorneys' fees, costs, and exemplary damages in view of the intentional nature of the acts complained of in this Complaint and the exceptional nature of this case, pursuant

   to 15 U.S.C. § 1117 (a)-(b), and applicable common law, state statutory law, and federal law.

E. Award Plaintiffs pre- and post-judgment interest on any monetary award made part of the judgment against Defendant; and

F. Grant to Plaintiffs such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted this 20th day of December, 2024.

    Respectfully submitted,

    */s/ Michelle G. Bernstein*
    Michelle G. Bernstein
    Florida Bar Number 1030736
    **POLSINELLI PC**
    315 S. Biscayne Blvd., Suite 400
    Miami, FL 33131
    Telephone: (305) 921-1818
    Facsimile: (305) 921-1801
    mbernstein@polsinelli.com
    FLdocketing@polsinelli.com
    cmoreno@polsinelli.com
    jaguerrebere@polsinelli.com

    John R. Posthumus (*Pro Hac Vice Pending*)
    **POLSINELLI PC**
    1401 Lawrence St, Unit 2300
    Denver, CO 80202
    jposthumus@polsinelli.com

    William A. Di Bianca (*Pro Hac Vice Pending*)
    **POLSINELLI PC**
    600 Third Avenue
    New York, NY 10016
    bdibianca@polsinelli.com

    *Counsel for Plaintiffs Aroma360 LLC and Hotel Collection LLC*

20