**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-25031-CIV-ALTONAGA/Reid**

AROMA360 LLC, *et al.,*

    Plaintiff(s),

v.

SCENTIMENT, LLC,

    Defendant(s).

_____/

**DEFENDANT SCENTIMENT, LLC'S MOTION TO DISMISS**
**OR STAY BASED ON *COLORADO RIVER* DOCTRINE**

Defendant, SCENTIMENT, LLC ("Scentiment") moves to dismiss or stay this Action based on *Colorado River* Doctrine (*Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 817 (1976)) because this proceeding is duplicative of a prior-filed action pending before the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, *Scentiment, LLC v. Hotel Collection LLC, and Aroma360 LLC*, Case No. 2024-022993-CA-01 (the "State Court Action").

**Introduction**

At its core, this lawsuit, like the parallel State Court Action, arises out of a dispute between two competing scent diffuser businesses and the efforts of one, parent company Aroma360 LLC ("Aroma360") and its wholly-owned subsidiary, Hotel Collection LLC ("Hotel Collection")(collectively, "Plaintiffs"), to stifle its competitor, Scentiment. While the instant action attempts to assert causes of action against Scentiment for alleged violations of Aroma360 and Hotel Collection's trademark rights, Scentiment has already directly addressed those alleged rights in its claims against Aroma360 and Hotel Collection in the State Court Action. Thus, the resolution of the State Court Action will resolve Plaintiffs' claims in this Action.

Fox Rothschild LLP

167082434.1

Case No. 2024-022993-CA-01

Indeed, the Complaint in this Action is a thinly disguised reactive attempt by Plaintiffs to improperly forum shop instead of properly litigating these issues in the State Court Action. The *Colorado River* Doctrine empowers this Court to end this unnecessary duplicative litigation, through an order of dismissal or stay.

## Factual Background

### *The Hotel Collection Name*

The genesis of this dispute began over the use by both parties of the term "Hotel Collection" in connection with their competing sale of diffuser products. As alleged in both lawsuits, Plaintiffs and Scentiment are in the business of selling scented oils and fragrance diffusers to consumers and both market their products with the term "Hotel Collection". In the State Court Action, Scentiment asserts that neither party has any trademark or common law rights to the term "Hotel Collection" as it is merely descriptive, *whereas* in the later filed Federal Court Action, Plaintiffs assert that they have certain "common law rights" to a "Hotel Collection Mark".

Plaintiffs' attempt to trademark "Hotel Collection" began on August 3, 2020, when Aroma360 filed an application with the United States Patent and Trademark Office ("USPTO") Federal Register. The application was rejected by the USPTO as the office informed Aroma360 that the term "Hotel Collection" was too descriptive to be granted trademark protection. After the rejection of Aroma360's application, its subsidiary Hotel Collection filed for a logo mark of "Hotel Collection," in which it expressly disclaimed the words "Hotel Collection" as merely descriptive of its goods.

This Action is not the first litigation involving Arome360's use of the marketing words "Hotel Collection." Nor is it the first time that Aroma360 tried to commence a duplicate litigation in this Court after it had been sued in a separate action. Thus, on November 19, 2021, Macy's filed a lawsuit against

Case No. 2024-022993-CA-01

Aroma360 in the U.S. District Court for the Southern District of New York, in which it alleged trademark infringement by Aroma360 of various iterations of Macy's "Hotel Collection" trademark. *See Macy's IP Holdings, LLC v. Aroma360, LLC*, 1:21-cv-09631-PAC (S.D.N.Y. Feb. 4, 2022). On February 4, 2022, Aroma360 filed its Answer and Affirmative Defenses, and in its Fourth Affirmative Defense, asserting that "[O]ne or all of Macy's asserted marks are either descriptive, lack secondary meaning, are generic, or are not enforceable against Aroma360." *Id*. Indeed, **_Aroma360 admitted in its pleading that "Hotel Collection" was merely descriptive and lacked trademark protection_**.  This admission is in direct contrast to Aroma360's claim in this Action, that the term "Hotel Collection" is a protected mark.

On July 13, 2023, while litigation in the Southern District of New York was ongoing, Aroma360 filed suit against Macy's in this Court.  *Aroma360, LLC v. Macy's IP Holdings, LLC*, 1:23-cv-22613-CMA (S.D. Fla. Jul. 13, 2023).  This Court, *sua sponte*, entered a Stay Order pursuant to the federal first to file rule. This Court reasoned that:

> "Plaintiff in the instant action seeks a declaratory judgment that Defendant's Hotel Collection trademark is generic, and that Plaintiff's new Dot Hotel Collection logo does not infringe Defendant's trademark. (*See* Am. Compl. ¶¶ 39–86). The New York Lawsuit involves the same trademark and the same parties but concerns a prior Aroma360 logo. *See Macy's IP Holdings, LLC*, No. 1:21-cv-09631, Compl. [ECF No. 7] filed Nov. 22, 2021. In the New York Lawsuit, Macy's brings four counts against Aroma360 alleging trademark infringement and related state claims. *See id*. ¶¶ 32–50. Aroma 360 asserts an affirmative defense that "all of Macy's asserted marks are either descriptive, lack secondary meaning, are generic, or are not enforceable against Aroma360." *Macy's IP Holdings, LLC*, No. 1:21-cv-09631, Answer [ECF No. 19] 6, filed Feb. 4, 2022.

> Plaintiff's first count for declaratory relief in this action — that Defendant's trademark is generic — is directly at issue in the long-pending New York Lawsuit. Moreover, whether Defendant's mark is generic is relevant to a determination of whether Plaintiff's Dot Hotel Collection infringes Defendant's trademark. *See Tana v. Dantanna's*, 611 F.3d 767, 774 & n.6 (11th Cir. 2010) (explaining that "[g]eneric marks . . . are generally incapable of receiving trademark protection[,]" and whether a mark is generic is relevant to the court's likelihood-of-confusion inquiry (alterations added)). Accordingly, to better

3

Case No. 2024-022993-CA-01

> manage the orderly progress of this and the related actions, conserve the parties' and judicial resources, and avoid the possibility of inconsistent adjudications, it is **ORDERED** as follows:
>
> 1. This matter is **STAYED** pending the resolution of the parties' related dispute before the district court for the Southern District of New York. All pending motions are **DENIED** as moot."

*See* ECF No. 10; for the convenience of the Court, a copy of which is attached as Exhibit **"A"** to this Motion. After this Court entered its Stay Order, the Macy's litigation eventually ended in a confidential settlement.

### *The State Court Action*

As alleged in both the State and Federal Court Actions, Plaintiffs delivered various Cease and Desist letters to Scentiment asserting a right to the tradename "Hotel Collection," and demanding that Scentiment cease using these words it in its marketing on Google and on its products. Then, in late 2024, Hotel Collection, at the direction of its parent Aroma360, contacted Amazon, and falsely claimed that Scentiment was infringing on its "Hotel Collection" trademark rights.

On November 1, 2024, as a result of a complaint to Amazon by Plaintiffs, Amazon delivered to Scentiment a takedown notice ("Takedown Notice") which removed Scentiment's scent diffusers that it was selling on the Amazon platform using the name "Hotel Collection." On November 8, 2024, Scentiment responded to the Takedown Notice, and denied that it had infringed on any trademark, and explained that Hotel Collection did not own any protectable rights to "Hotel Collection." However, Amazon did not immediately remove the Takedown Notice.

Therefore, on December 3, 2024, Scentiment filed the original State Court Action, asserting that Hotel Collection was unfairly competing with it and was violating the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") by misrepresenting purported trademark rights to "Hotel Collection"

4

Case No. 2024-022993-CA-01

and interfering with its business on Amazon.  A copy of the initial complaint in the State Court Action is attached as Exhibit **"B."**  Scentiment provided the notice of the lawsuit to Amazon, which then removed the Takedown Notice and reinstated Scentiment's products on its platform and stated that Amazon would no longer accept infringement notices from Hotel Collection targeting Scentiment's products.  However, Scentiment suffered substantial damages due to the lost sales caused by the Takedown Notice. Scentiment seeks those damages in the State Court Action.

### *The Federal Court Action*

In response to service of the State Court Action, counsel for Hotel Collection sought an extension of time to respond to the complaint, which undersigned counsel granted.  Then, while delaying its response to the State Court Action, on December 20, 2024, Plaintiffs filed this Action, asserting that:

> "[T]he common law rights of Plaintiffs in the HOTEL COLLECTION mark, the H HOTEL COLLECTION logo, and the HOTEL COLLECTION logo as described above are collectively referred to as the "HOTEL COLLECTION Mark." [D.E. 1], ¶ 20. Plaintiffs have been continuously using the HOTEL COLLECTION Mark throughout the United States, including in Florida, in connection and in association with candles, electronic diffusers, reed diffusers, room sprays, and fragrance oils, since at least 2015, and has extensively sold, advertised and promoted these goods using the HOTEL COLLECTION Mark since that time. As a result, ***Plaintiffs have acquired substantial common law and other legal rights in and to the HOTEL COLLECTION Mark*** throughout the United States, including Florida, by virtue of that continuous and ongoing usage." [D.E. 1], ¶ 22. (emphasis added).

Plaintiffs further claim that Scentiment infringed on the "Hotel Collection Mark" by including these marks as part of the header of Scentiment's advertisement on Google and through Google Adwords and by using this "Mark" on packaging for scented oils. [ECF 1, ¶¶ 29-35]. Plaintiffs' further describe the written demands that had been sent to Scentiment, regarding "Hotel Collection," which preceded the Takedown Notice, that led to the State Court Action. It is on this basis that Plaintiff Hotel Collection raises claims for Unfair Competition under both federal and state law against Scentiment. [D.E. 1], ¶¶

5

Case No. 2024-022993-CA-01

53-72. Plaintiffs' allegations *mirror* the issues raised in the State Court Action.

### *The Aroma360 Name*

In this Action, Plaintiffs also raise a claim related to their "AROMA360" trademark. Plaintiffs allege that Scentiment is using the "Aroma360 Mark" on Scentiment's Google Adwords and using the Google header "360° of Aroma Scent Diffuser".[1] [ECF 1, ¶¶ 25-28]. These allegations were also included in the various Cease-and-Desist letters delivered to Scentiment which raised the "Hotel Collection" mark. It is on this basis that Plaintiff Aroma360 brings claims against Scentiment for Trademark Infringement under 15 U.S.C. § 1114, Unfair Competition in Violation of Federal Statute (15 U.S.C. § 1125(a)), Unfair Competition under Florida Statute, FDUTPA, § 501.201, *et seq.*, and Unfair Competition under Florida Common Law. [ECF 1, ¶¶ 47-72].

Aroma360 failed to allege in this Action that in response to the demand letter, in early 2024, Scentiment removed reference to Aroma360 in its Google Adwords. Further, in light of Aroma360's new challenge to the use of "360° of Aroma Scent Diffuser" in its marketing materials, Scentiment filed an Amended Complaint against Aroma360 as well as Hotel Collection, in the State Court Action on January 7, 2025. The Amended Complaint includes claims against Aroma360 for violation of FDUTPA, unfair competition, and a declaratory judgment as to the "existence of a common law tradename right to the name "360° of Aroma" that is being claimed by Aroma360. Scentiment also added a declaratory judgment claim against Hotel Collection over

---

[1] Google Ads, formerly known as Google Adwords, is an online advertising platform developed by Google, where advertisers bid to display brief advertisements, service offerings, product listings, and videos to web users. The header in Google Ads is a structured snippet that appears below a text ad and highlights a specific aspect of a product or service.

Fox Rothschild LLP

167082434.1

the existence of a common law tradename right to the term "Hotel Collection." A copy of the Amended Complaint is attached as Exhibit **"C."**[2]

Accordingly, the parties and factual bases for the claims in both lawsuits are identical. Pursuant to the factors laid out by the United States Supreme Court in *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 817 (1976), this Court should dismiss or stay this Action, in deference to the parallel state action. This Court should avoid piecemeal litigation in having two separate cases based on the same facts with the potential for inconsistent rulings. The state court will adequately protect the rights of all parties, considering Plaintiffs can obtain identical relief they seek in this Action by presenting their claims as counterclaims in the State Court Action.

## ARGUMENT

In determining whether abstention is warranted under *Colorado River*, a court must first decide whether there is a parallel state action—i.e., "one involving substantially the same parties and substantially the same issues," *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 376 (S.D. Fla. 2014) (quoting *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013)). If it is determined that the cases are, indeed, parallel, the federal court must then consider six (6) factors in determining whether abstention is appropriate: "(1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides

---

[2] Scentiment asserted that "[A]roma360 has no common law tradename rights to the name "360° of Aroma" because there is no substantial likelihood of confusion, and it is merely descriptive." *Id*. at ¶ 76. Scentiment also stated that Aroma360 engaged in unfair competition by baselessly alleging in its cease-and-desist letters that Scentiment's use of "Aroma360" and "Hotel Collection" as Google Adwords search terms somehow constituted trademark infringement, when that is not the law. *Id*. at ¶ 16-17.

Case No. 2024-022993-CA-01

the rule of decision; and (6) whether the state court will adequately protect the rights of all parties." *Sini*, 990 F. Supp. 2d at 1376 (citing *Jackson-Platts*, 727 F.3d at 1141).

The potentially "vexatious or reactive nature of either the federal or the state litigation" should also be considered when considering *Colorado River* abstention. *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Consr. Corp.*, 460 U.S. 1, 21 (1983)). "Abstaining when litigation is reactive or vexatious furthers the important federal policy of prohibiting forum shopping." *Sini*, 990 F. Supp. 2d at 1376 (citing *Bosdorf v. Beach*, 79 F. Supp. 2d 1337, 1343—44 (S.D. Fla. 1999)).

### *The Federal Court Action and the State Court Action are Parallel Actions*

A state case and a federal case need not share identical parties and issues to be considered parallel for purposes of *Colorado River* abstention. *Ambrosia Coal and Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1329—30 (11th Cir. 2004). "The crucial question is whether the 'similarity between the two cases is sufficient to justify the conclusion that the state court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties.'" *Sini*, 990 F. Supp. 2d 1370 (quoting *Brown v. Blue Cross and Blue Shield of Fla., Inc.*, No. 11-80390-CIV, 2011 WL 11532078, at *8 (S.D. Fla. Aug. 8, 2011)).

For illustration, in *Sullivan v. Bank of Am., N.A.*, where a mortgage dispute that commenced in Florida state court was subsequently brought to federal court by the defendant, the district court found that "the parties in both proceedings are substantially the same;" and that the state and federal cases involved "substantially the same issues." Case No. 21-cv-80828-WPD, 2022 WL 19300666, at *4 (S.D. Fla. Jan. 21, 2022). The plaintiff of the federal case essentially repackaged "the same set of facts and allegations as defenses and counterclaims" from the state case. *Id.* That is precisely the case here. Although not required by *Colorado River*, the parties here *are identical* and the issues, although raised

8

Case No. 2024-022993-CA-01

in different causes of action, *arise out of the same facts*. Both lawsuits are premised upon the existence or nonexistence of a right, either trademark or common law, to the "Hotel Collection" and "360° of Aroma Scent Diffuser" names and whether Scentiment's use of "Aroma360" and "Hotel Collection" as Google Adwords constituted infringement of the purported trademarks.[3] Plaintiffs have merely repackaged in this Action, the same facts raised in the State Court Action. The two Actions are parallel and meet the threshold for *Colorado River* abstention.

In applying the six factors of the *Colorado River* doctrine to this case, this Court will find a strong basis for abstention of this Action.

1. **_Jurisdiction Over Property_**

There is no real property at issue in this action; so this factor regarding jurisdiction over property is not at issue.

2. **_Inconvenience of the Federal Forum_**

This factor is routinely considered to be neutral as here the state and federal forum are located in the same city, as was the case in *Sullivan*. The remaining factors in the *Colorado River* analysis will often outweigh this factor. Even though it may not be inconvenient for Scentiment to bring its claims to this Court as counterclaims against Arom360 and Hotel Collection, it would undoubtedly be wasteful and time-consuming for the parties to relitigate the exact same issues being litigated in the State Court Action.

---

[3] For instance, Scentiment's fifth and sixth counts for declaratory relief in the State Court Action — that Aroma360 does not hold common law tradename rights to "360° of Aroma Scent Diffuser," and that Hotel Collection does not hold common law tradename rights to "Hotel Collection" — presents the same issue as the claim in counts one, two, three, and four in this Action. Further, the allegations raised in Scentiment's FDUTPA claims in the State Court Action– that Aroma360 and Hotel Collection engaged in deceptive and unfair acts or practices by alleging that it owned certain trademark rights to "Hotel Collection" in its various cease-and-desist letters and in its complaint to Amazon, when in reality it did not – is also directly at issue in counts two, three, and four in this Action.

9

Fox Rothschild LLP

167082434.1

Case No. 2024-022993-CA-01

3. *<u>The Order in Which Jurisdiction was Obtained and the Progress of the Actions</u>*

The third factor weighs in favor of abstention. The State Court Action was originally filed on December 3, 2024. Scentiment agreed with Hotel Collection that it would grant it additional time to respond to the complaint. Then, on December 20, 2024, Plaintiffs cynically filed this Action, based on the same historical facts that were implicated in the State Court Action. Scentiment amended its State Court Action so that all parties and all claims will be resolved in that Action.

4. *<u>Potential for Piecemeal Litigation</u>*

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Bosdorf*, 79 F. Supp. 2d 1337 (S.D. Fla. 1999). Courts have held that this factor, the potential for piecemeal litigation, weighs in favor of abstention where the facts underlying both the state and federal case are identical and the cases are thus inextricably interwoven. *See Allied Mach. Serv., Inc. v. Caterpillar Inc.*, 841 F. Supp. 406 (S.D. Fla. 1993). Additionally, there is a risk of piecemeal litigation "if there exists a strong likelihood that [the federal court] will duplicate the efforts of the state court and possibly reach different factual--and consequently legal--conclusions on the same exact set of facts." *Id*. Moreover, even if the resolution of the state case does not dispose of the federal action, the Court should seek to avoid "the kind of wasteful, duplicative adjudication the abstention doctrine was created to prevent." *Id*.

Here, Plaintiffs clearly filed this Action with the intention of creating piecemeal litigation, which the Court, as a matter of judicial economy, should seek to avoid. *See Sini*, 990 F. Supp. 2d at 1379–80 ("Given the duplicative claims in counterclaims in the state action, the redundant proofs required by the respective claims, and the potential for conflicting rulings, the Court finds that the parallel

Case No. 2024-022993-CA-01

cases present a serious danger of 'abnormally excessive or deleterious' piecemeal litigation, and this factor weighs strongly in favor of abstention."). Allowing Plaintiffs to assert claims against Scentiment for purported trademark violations and unfair competition claims, while the same alleged violations and claims are the subject of the State Court Action—involves more than just the potential for duplicative litigation. It threatens the precise considerations of "wise judicial administration" that the *Colorado River* doctrine serves to protect.

5. <u>**Whether State or Federal Law Will be Applied**</u>

This factor weighs in favor of abstention because out of the four causes of action asserted by Plaintiffs, two arise under Florida statutory and common law rather than federal law, and therefore this Court does not have exclusive jurisdiction.

6. <u>**Adequacy of the State Court to Protect the Parties' Rights**</u>

This factor weighs in favor of abstention considering Plaintiffs can obtain identical relief in the State Court Action, and, indeed, all the parties are limited liability companies with their principal place of business in Florida. As such, there is no risk of the State Court not providing adequate protection of both Plaintiffs' and Scentiment's rights.

7. <u>**Vexatious of Reactive Nature of the Instant Litigation**</u>

This factor **strongly weighs in favor of abstention**. As recognized by the Eleventh Circuit in *Ambrosia Coal*, the Court may consider the "vexatious or reactive nature" of this instant action. *See Bosdorf v. Beach*, 79 F. Supp. 2d 1337, 1343 (S.D. Fla. 1999) (noting that United States Supreme Court advises the district courts to ascertain the vexatious nature of parallel proceedings when considering abstention). Given how Plaintiffs are introducing the same facts and core issues as are at issue in the State Court Action, it is clear and obvious that Plaintiffs are attempting to

Case No. 2024-022993-CA-01

multiply the proceedings against Scentiment and forum shop. The instant action violates the federal courts' policy against forum shopping, ***which this Court is well-aware of Plaintiffs history in engaging in such conduct***. *See Aroma360, LLC v. Macy's IP Holdings, LLC*, 1:23-cv-22613-CMA (S.D. Fla. Jul. 13, 2023).

WHEREFORE, Defendant Scentiment LLC, respectfully requests this Court to enter an Order Granting Defendant's Motion to Dismiss or Stay Case, and any other relief the Court deems just and proper.

## **CERTIFICATE OF COUNSEL**

I HEREBY CERTIFY that I have conferred with counsel for Plaintiffs, Aroma360 LLC and Hotel Collection LLC, concerning the relief requested in the foregoing Motion and have been advised by Plaintiffs' counsel that Plaintiffs oppose the requested relief.

Respectfully submitted,

**FOX ROTHSCHILD LLP**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2750
Miami, FL 33131
Telephone: (305) 442-6543
Telecopier: (305) 442-6541

By: */s/ Joseph A. DeMaria*
   **JOSEPH A. DEMARIA, ESQ.**
   Board Certified Specialist – Business
   Litigation
   Florida Bar No. 764711
   Email: JDeMaria@FoxRothschild.com
   **VINCENT A CORTELLESSA, ESQ.**
   Florida Bar No.: 1049207
   Email: VCortellessa@FoxRothschild.com

167082434.1

Case No. 2024-022993-CA-01

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **27th** day of **January, 2025**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                             *s/Joseph A. DeMaria*
                                                   **Counsel**

167082434.1