UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-25031-CIV-ALTONAGA/Reid

**AROMA360 LLC**, *et al.*,

    Plaintiffs,
v.

**SCENTIMENT, LLC**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant, Scentiment, LLC's ("Scentiment['s]") Motion to Dismiss or Stay Based on [the] Colorado River Doctrine [ECF No. 16], filed on January 27, 2025. Plaintiffs, Aroma360 LLC ("Aroma360") and its subsidiary Hotel Collection LLC ("Hotel Collection"), filed a Response [ECF No. 24]; to which Defendant filed a Reply [ECF No. 26]. The Court has carefully reviewed the record, the parties' written submissions, and applicable law. For the following reasons, the Motion is denied.

### I. BACKGROUND

This action arises from a dispute between the parties over the branding and advertising of luxury scented products. (*See generally* Compl. [ECF No. 1]). Aroma360, which began selling fragranced goods in 2015, registered its "AROMA360" trademark (the "181 Registration") on January 9, 2024. (*See id.* ¶¶ 10–13; *see also id.*, Ex. A, 181 Registration [ECF No. 1-3]). Years earlier, shortly after the company's inception, it introduced a hotel-inspired line of products under variations of the "Hotel Collection" mark.[1] (*See* Compl. ¶¶ 14–17). Several months later, in

---

[1] Although Plaintiffs produce the trademark paperwork for the AROMA360 mark (*see generally* 181 Registration), they make no claim of formal registration of any marks associated with "Hotel Collection" (*see generally* Compl.).

October 2020, Aroma360 formed the "Hotel Collection LLC" to sell the product line. (*See id.* ¶¶ 18–19).

Plaintiffs allege that since December 2022, Defendant has repeatedly used variations of their "AROMA360" and "Hotel Collection" marks through deceptive marketing and packaging to create consumer confusion. (*See id.* ¶¶ 24–36). Despite multiple cease-and-desist letters, Defendant persisted. (*See id.* ¶¶ 36–38). The dispute escalated on November 1, 2024, when Hotel Collection filed a complaint with Amazon, prompting the removal of Defendant's products bearing the "Hotel Collection" mark from the online retailer's platform. (*See id.* ¶ 39; Mot. 4).[2] In response, Defendant sued Hotel Collection in Florida state court on December 3, 2024, alleging that it misrepresented its trademark rights, resulting in financial losses and relational harm. (*See generally* Mot., Ex. B, State Ct. Compl. [ECF No. 16-2]).

Plaintiffs initiated this action on December 20, 2024, alleging trademark infringement and unfair competition under federal and state law. (*See* Compl. ¶¶ 47–72). In response, on January 7, 2025, Defendant amended its state-court complaint to include Aroma360 and, this time around, sought declaratory judgment as to the existence of, and rights to, the phrase "360° of Aroma" and the Hotel Collection marks. (*See generally* Mot., Ex. C, Am. State Ct. Compl. [ECF No. 16-3] ¶¶ 72–83). Defendant now moves to stay or dismiss this action under the *Colorado River* Doctrine, asserting that the existence of the "parallel" state case warrants abstention. (*See generally* Mot.).

## II. LEGAL STANDARD

Under the *Colorado River* Doctrine, a federal court should abstain from a case if (1) a parallel lawsuit is proceeding in state court, and (2) the interests of wise judicial administration

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

demand abstention. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citations omitted). Nevertheless, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them[,]" *id.* at 813 (alterations added; citations omitted), and a pending action in state court is "no bar to proceedings concerning the same matter[,]" *id.* at 817 (alteration added; citations and quotation marks omitted). Therefore, abstention applies only in exceptional circumstances and must be based only on the clearest of justifications. *See id.* at 813 (citation omitted); *see also id.* at 819.

### III. DISCUSSION

**1. Parallel Actions**

Before deciding whether an action warrants abstention under *Colorado River*, a court must first determine if a parallel state action exists involving substantially the same parties and issues. *See Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013) (citation omitted). While "[t]here is no clear test for deciding whether two cases contain substantially similar parties and issues[,] . . . the balance in these situations begins tilted heavily in favor of the exercise of the court's jurisdiction." *Acosta v. James A. Gustino, P.A.*, 478 F. App'x 620, 622 (11th Cir. 2012) (alterations added). The "decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Id.* (quotation marks omitted; quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)). "[I]f there is any substantial doubt about whether two cases are parallel the court should not abstain." *Id.* (alteration added; citation omitted).

A cursory review of the actions here reveals they are not parallel. First, the state lawsuit arises out of an entirely different set of facts: Defendant initiated the case to recover damages allegedly caused by Hotel Collection's complaint to Amazon, which led to the temporary removal

3

of Defendant's products. (*See* State Ct. Compl. ¶¶ 17–22; Am. State Ct. Compl. ¶¶ 27–31). Additionally, as Plaintiffs correctly argue, while the amended state action may address Defendant's right to use "360° of Aroma" and "Hotel Collection," it does not resolve the core issue in this federal case — whether Defendant's use of these phrases creates a likelihood of confusion with Plaintiffs' "AROMA360" and "Hotel Collection" marks. (*See* Resp. 5–6).

The state action also fails to address Plaintiffs' claims for damages and injunctive relief resulting from Defendant's use of the disputed phrases. (*See generally* Compl.). In other words, despite Defendant's strategic adjustments to the state action seemingly aimed at circumventing this Court's review, a resolution of the state-court suit will *not* leave the Court with "nothing further to do[.]" *Acosta*, 478 F. App'x at 622 (alteration added; citation and quotation marks omitted). Given these factors, the Court holds more than a "substantial doubt" as to whether the two cases have substantially similar issues — they are, in fact, not parallel. *Reiseck v. Universal Commc'ns of Miami, Inc.*, 141 F. Supp. 3d 1295, 1305 (S.D. Fla. 2015) (citation omitted).

### 2. Analysis of the Six Factors[3]

Even assuming the actions are parallel, abstention nevertheless is not proper. *See Jackson-Platts*, 727 F.3d at 1141 (citing *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1294–95 (11th Cir. 1998)). The Eleventh Circuit has identified six factors district courts must weigh in a *Colorado River* abstention analysis of two parallel proceedings:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

---

[3] Once a court finds two actions are not parallel, the *Colorado River* Doctrine does not apply, and no further inquiry is required. *See Acosta*, 478 F. App'x at 622. For completeness, the Court also analyzes the actions under each *Colorado River* abstention factor.

*Id.* (citation omitted). A court should also consider "the vexatious or reactive nature" of either action. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004) (citation and quotation marks omitted). The Court addresses each relevant factor and the vexatious litigation consideration, in turn.

*__Inconvenience of the Fora.__* The relevant state and federal courts are in the same city. (*See* Mot. 9; Resp. 7). "Where the federal forum and the state forum are equally convenient, this factor cuts against abstention." *Metschlaw, P.A. v. Magic Burgers, LLC*, No. 19-cv-21453, 2019 WL 8895238, at *3 (S.D. Fla. July 25, 2019) (alterations adopted; quotation marks and citation omitted).

*__The Order of Jurisdiction and Progress of the State Action.__* Defendant argues this factor weighs in favor of abstention because Defendant filed the state action a few weeks before Plaintiffs filed this federal lawsuit. (*See* Mot. 10). Yet, "[w]hat matters is not so much the chronological order in which the parties initiated the concurrent proceedings, but the progress of the proceedings and whether the party availing itself of the federal forum should have acted earlier." *Jackson-Platts*, 727 F.3d at 1142 (alteration added; citation and quotation marks omitted).

Here, the federal case has progressed more than the state case. The federal action, for instance, has a Scheduling Order [ECF No. 25] and a set mediation date; the state action presents initial filings and an unresolved motion to dismiss. (*See* Scheduling Order; Resp. 10; *see also Scentiment, LLC v. Hotel Collection LLC*, No. 24-022993-CA, Docket (Fla. Cir. Ct. 2025)). Additionally, Plaintiffs acted promptly in filing the federal action, as evidenced by Aroma360's diligence in sending cease-and-desist letters and the mere weeks that elapsed between Hotel Collection's complaint to Amazon and the federal filing. (*See* Compl. ¶¶ 36–39; Mot. 4–5).

The timing of Defendant's state-court suit is also unpersuasive, particularly because only the second amended complaint — filed *after* the federal action — bears any meaningful similarity to the federal action. (*See* Mot. 10; *compare* Compl.*, with* Am. State Ct. Compl.). Given this, the state litigation appears to be "little more than an off-shoot" of the federal case. *Reiseck*, 141 F. Supp. 3d at 1307. Thus, this factor, like the one before it, weighs against abstention.

***The Potential for Piecemeal Litigation.*** This factor favors abstention where there exists "a strongly articulated congressional policy against piecemeal litigation in the specific context of the case under review." *Clifford Paper Inc. v. Colonial Press Int'l Inc.*, No. 17-22396-Civ, 2017 WL 8780146, at *4 (S.D. Fla. Aug. 1, 2017) (citation and quotation marks omitted). Defendant cites to no such policy, nor could the Court locate one favoring the adjudication of trademark disputes or unfair competition claims in state court. (*See generally* Mot.).

Defendant also asserts that both actions involve identical facts, which could lead to piecemeal litigation. (*See* Mot. 10–11). This is misleading — the state action arises from an Amazon takedown dispute that is not central to this federal action. (*See generally* Compl.; Am. State Ct. Compl.). While some factual overlap exists, the cases are not so duplicative as to pose "any greater waste or danger here than it does in the vast majority of federal cases with concurrent state counterparts." *Ambrosia Coal*, 368 F.3d at 1333.

***Whether Federal or State Law Provides the Rule of Decision.*** This "factor favors abstention only where the applicable state law is particularly complex or best left for state courts to resolve." *Jackson–Platts*, 727 F.3d at 1143 (citations omitted). The central issue in this federal case is rooted in federal trademark law. (*See generally* Compl.). And while both actions contain Florida state-law claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and common law (*see id.* ¶¶ 58–72; *see also* Am. State Ct. Compl. ¶¶ 38–83), these are

commonplace issues that federal courts routinely handle, particularly in diversity and Lanham Act cases, *cf. Clifford Paper Inc.*, 2017 WL 8780146, at *5 (finding the same in a contract and accounting case).

***Whether the State Court Can Adequately Protect the Parties' Rights.*** Both the state and federal courts *can* protect the parties' rights. *See Get Fit Fast Supplements, LLC v. Richpianauncensored.com, LLC*, 393 F. Supp. 3d 1136, 1140 (S.D. Fla. 2019) ("[S]tate and federal courts are expressly given concurrent jurisdiction over claims involving infringement of a federally registered trademark." (alteration added; citation and quotation marks omitted)). But Plaintiffs have not sought to adjudicate their rights in the state forum.

Moreover, a state court's ability to protect the parties' rights "will only weigh in favor [of] or against abstention when one of the fora is inadequate to protect a party's rights." *Ambrosia*, 368 F.3d at 1334 (alteration added; citation omitted). Given that both courts can protect the legal rights of the parties — but only the federal case fully addresses Plaintiffs' claims — this factor, like all the others, does not support abstention.

***Vexatious Litigation.*** Finally, Defendant accuses Plaintiffs of forum shopping to secure federal review of their claims. (*See* Mot. 11–12). Plaintiffs have long pursued recourse against Defendant, issuing multiple cease-and-desist letters before resorting to litigation in federal court. (*See* Compl. ¶¶ 36–38). Moreover, Plaintiffs' desire to litigate a federal trademark dispute in federal court — especially given that the state case did not originally raise this claim — is both reasonable and expected, and not vexatious. (*See generally* Compl.; State Ct. Compl.). As such, this consideration similarly does not weigh in favor of abstention.

CASE NO. 24-25031-CIV-ALTONAGA/Reid

## IV. CONCLUSION

Having conducted a "balancing of the important factors as they apply in [this] case, with the balance heavily weighted in favor of the exercise of jurisdiction[,]" *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16 (alterations added), the Court finds abstention improper. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss or Stay Based on [the] Colorado River Doctrine **[ECF No. 16]** is **DENIED**. Defendant shall respond to Plaintiffs' Complaint [ECF No. 1] by **March 21, 2025**.

**DONE AND ORDERED** in Miami, Florida, this 12th day of March, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record